UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STIVENSON DESIR,

                            Plaintiff,                9:24-CV-0217 (GTS/TWD)

      v.

NEW YORK STATE DOCCS, et al.,

                          Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

STIVENSON DESIR
Plaintiff, pro se
17-A-1913
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Pro se plaintiff Stivenson Desir ("plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and paying the statutory filing fee, in full. Dkt. No. 1 ("Compl."). By Decision and Order filed on May 13, 2024 (the "May Order"), the Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint for failure to state a claim upon which relief could be granted. Dkt. No. 6. In light of his pro se status, plaintiff was afforded an opportunity to amend his complaint. *Id*.

      Plaintiff's amended complaint is now before the Court for review. Dkt. No. 7 ("Am. Compl.").

**II.    COMPLAINT AND MAY ORDER**

In the complaint, plaintiff identified NYSDOCCS, Bureau of Prison, US Department of Justice, and National Institute of Corrections as defendants.  *See* Compl. at 2-3.  Plaintiff sought an "advisory proceeding," a deposition, removal from his facility, conjugal visits, a writ, and compensatory damages.  *See id*. at 10.

In the May Order, the Court noted that the complaint lacked any factual allegations and failed "to allege any facts to plausibly suggest that he was deprived of any federal or constitutional rights."  Dkt. No. 6 at 3.  The Court reasoned, "[w]hile plaintiff attached exhibits to the complaint, [. . . ], the exhibits are not cited or referenced in the pleading.  Moreover, the exhibits refer to habeas corpus petitions filed by plaintiff in the United States District Court for the District of Columbia."  *Id*.  The Court dismissed the complaint reasoning, "[b]ecause plaintiff failed to assert any factual allegations, the complaint does not provide any defendant with fair notice of the basis of plaintiff's claims.  As presently constituted, the pleading lacks sufficient information to allow the Court to decipher what claims plaintiff is making against what defendants."  *Id*. at 4.

**III.   SUFFICIENCY OF THE AMENDED COMPLAINT**

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the May Order.  The amended complaint, like the original pleading, contains largely incoherent, rambling, and disjointed statements in contravention of Fed. R. Civ. P. 8(a)(2), which requires that the amended complaint contain a short and plain statement of the claim.  The pleading contains no request for relief, no cause of action, and no alleged facts which plausibly suggests that plaintiff is entitled to relief.  As a

result, and for the reasons set forth herein and in the May Order, this action is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in the May Order, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 7) is accepted for filing; and it is further

**ORDERED** that the amended complaint is **DISMISSED without leave to replead** in accordance with 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

Dated: July 2, 2024

Glenn T. Suddaby
U.S. District Judge